**LAWRENCE J. HUTCHENS**
State Bar Number 117673
Attorney at Law
9047 Flower Street
Bellflower, California 90706
(562) 804-0600
(562) 804-0603
ljhutchens@hutchenslaw.com

Attorney for Plaintiffs
DENIS HARRIS
and ROBIN HARRIS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DENNIS HARRIS and
ROBIN HARRIS,

               Plaintiffs,

      v.

FOREST RIVER, INC.,
RICHARDSON RV CENTERS, INC.,
and DOES 1-10

               Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT**

PLAINTIFF DENNIS HARRIS and ROBIN HARRIS ALLEGE:

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1331 because the action alleges claims pursuant to 15 U.S.C. section 2310, the Magnuson-Moss Warranty Act. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. Section 1367.

1

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

Plaintiffs are natural person with an individual breach of warranty claim in excess of $50,000.00. The Defendants are corporations or companies that are organized and existing under the laws of the State of California.

**PARTIES**

2.  As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs DENNIS HARRIS and ROBIN HARRIS.

3.  As used in this Complaint, the word "DEFENDANTS" shall refer collectively to "FOREST RIVER, INC.", and "RICHARDSON'S RV CENTERS, INC."

**FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS FOR BREACH OF EXPRESS WARRANTY UNDER 15 U.S.C. §2310(d)**

4.  On or about May 3, 2012, Plaintiffs purchased a new 2012 Dynamax Isata motor home, Serial Number 5ZTCTFS00DC000054. (Hereafter "motor home") which was manufactured, distributed, and warranted by Defendant FOREST RIVER, INC. The motor home was sold at retail and warranted by RICHARDSON'S RV CENTERS, INC. The total consideration which Plaintiff paid, including taxes, license, and finance charges was $169,044.00.

5.  In connection with the purchase, Plaintiffs received the express written warranty in which DEFENDANTS undertook to preserve or maintain utility or performance of the motor home or to provide compensation if there is a failure in utility or performance for a specified period of time. DEFENDANTS'

2

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

warranties provided, in relevant part, that in the event a defect developed with the motor home during the warranty period, Plaintiffs could deliver the motor home for repair services to DEFENDANTS and the defect would be repaired.

6. During the warranty period, the motor home contained or developed several defects.

7. In accordance with DEFENDANTS' express warranties, Plaintiffs delivered the motor home to DEFENDANTS to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the motor home, Plaintiffs notified DEFENDANTS and its representatives of the characteristics of the defects. However, DEFENDANTS failed to repair the motor home, breaching the terms of the written warranties on each occasion.

8. Plaintiffs have been damaged by DEFENDANTS' failures to comply with their obligations under the express warranties, and therefore brings this claim pursuant to 15 U.S.C. section 2310(d). The total consideration which Plaintiffs paid or agreed to pay was $169,044.00.

9. DEFENDANTS' failure to comply with their obligations under their express warranties was willful, in that DEFENDANTS and their representatives were aware of their obligation to repair the motor home under the express warranties, but they intentionally declined to fulfill that obligation. Accordingly, pursuant to 15 U.S.C. section 2310, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to state law remedies.

3

**COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT**

10.    DEFENDANTS do not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. section 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C. SECTION 2310(d) AND CIVIL CODE SECTION 1794(a)**

11.    Plaintiffs incorporate paragraphs 1-10 above herein. On or about May 3, 2012, Plaintiffs purchased a new 2012 Dynamax Isata motor home, Serial Number 5ZTCTFS00DC000054. (Hereafter "motor home") which was manufactured, distributed, and warranted by Defendant FOREST RIVER, INC. The motor home was sold at retail and warranted by RICHARDSON'S RV CENTERS, INC. The total consideration which Plaintiffs paid, including taxes, license, and finance charges was $169,044.00.

12.    The contract for the sale of the motor home was negotiated, agreed upon and executed in the state of California. The delivery of the motor home occurred in the state of California. The total consideration which Plaintiffs paid or agreed to pay was $169,044.00 for a "new" motor home.

13.    In connection with the purchase, the "new" motor home was accompanied by Defendants' express written warranties in which Defendants undertook to preserve or maintain the utility or performance of the motor home or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranties provided, in relevant part,

4

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

that in the event a defect developed with the motor home during the warranty period, Plaintiffs could deliver the motor home for repair services to Defendants' representative and the motor home would be repaired.

14.    Plaintiffs discovered soon after purchase and during the warranty period, the motor home contained numerous defects.

15.    Pursuant to 15 U.S.C. Section 2301 (which defines the implied warranty by borrowing the provisions of Civil Code Sections 1792 and 1791.1), the sale of the motor home was accompanied by Defendants' implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendants and in no event less than 30 days or longer than one year.

16.    The implied warranty of merchantability means and includes that the motor home will comply with each of the following requirements: (1) The motor home will pass without objection in the trade under the contract description; (2) The motor home is fit for the ordinary purposes for which such goods are used; (3) The motor home is adequately contained, packaged, and labeled; and (4) The motor home will conform to the promises or affirmations of fact made on the container or label.

17.    During the time period in which the implied warranty was in effect, the motor home contained or developed numerous defects. The existence of each of these defects constitutes a breach of the implied warranty because the motor home (1) does

5

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

18.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the motor home, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiffs do so again. Pursuant to 15 U.S.C. Section 2310, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, pursuant to 15 U.S.C. Section 2310, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the motor home resulting from its defects. Plaintiffs believe that, at the present time, the motor home's value is *de minimis*.

19.    Plaintiffs have been damaged by Defendants' failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. Section 2310(d) and Civil Code Section 1794(a).

20.    Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. Section 2310(a) and the rules and regulations

6

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

adopted pursuant thereto by the Federal Trade Commission.

**THIRD CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS FOR BREACH OF EXPRESS WARRANTY UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT**

21.    Plaintiffs incorporates paragraphs 1-20 above herein. On or about May 3, 2012 Plaintiffs purchased a new 2012 Dynamax Isata motor home, Serial Number 5ZTCTFS00DC000054. (Hereafter "motor home") which was manufactured, distributed, and warranted by Defendant FOREST RIVER, INC. The motor home was sold at retail and warranted by RICHARDSON'S RV CENTERS, INC. The total consideration which Plaintiffs paid, including taxes, license, and finance charges is $169,044.00. For this consideration, RICHARDSON'S RV CENTERS, INC. was to deliver to Plaintiffs a 2012 Dynamax Isata. The motor home is the type of product which is ordinarily purchased primarily for personal, family, or household purposes. Plaintiffs purchased the motor home from an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

22. In connection with the purchase, Plaintiffs received the express written warranty in which DEFENDANTS undertook to preserve or maintain utility or performance of the motor home or to provide compensation if there is a failure in utility or performance for a specified period of time. DEFENDANTS' warranties provided, in relevant part, that in the event a defect developed with the motor home during the warranty

7

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

period, Plaintiffs could deliver the motor home for repair services to DEFENDANTS and the defect would be repaired.

23. During the warranty period, the motor home contained or developed several defects.

24. In accordance with DEFENDANTS' express warranties, Plaintiffs delivered the motor home to DEFENDANTS to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the motor home, Plaintiffs notified DEFENDANTS and its representatives of the characteristics of the defects. However, DEFENDANTS failed to repair the motor home after a reasonable number of attempts and within 30 days and DEFENDANTS breached the terms of their written warranties on each occasion repairs were attempted.

25. Plaintiffs have been damaged by DEFENDANTS' failures to comply with their obligations under the express warranties, and therefore brings this claim pursuant to Song-Beverly Consumer Warranty Act. The total consideration which Plaintiffs paid or agreed to pay was $169,044.00.

26. DEFENDANTS' failure to comply with their obligations under their express warranties was willful, in that DEFENDANTS and their representatives were aware of their obligation to repair the motor home under the express warranties, but they intentionally declined to fulfill that obligation. Accordingly, pursuant to Song-Beverly Consumer Warranty Act, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to state law remedies.

///

8

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

27. DEFENDANTS do not maintain an informal dispute resolution mechanism which complies with the requirements of the Song-Beverly Consumer Warranty Act, Civil Code sections 1793.22(c)(d) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FOURTH CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT AT CIVIL CODE SECTION 1794(a)**

28. Plaintiffs incorporate paragraphs 1-27 above herein. On or about May 3, 2012, Plaintiffs purchased a new 2012 Dynamax Isata motor home, Serial Number 5ZTCTFS00DC000054. (Hereafter "motor home") which was manufactured, distributed, and warranted by Defendant FOREST RIVER, INC. The motor home was sold at retail and warranted by RICHARDSON'S RV CENTERS, INC. The total consideration which Plaintiffs paid, including taxes, license, and finance charges was $169,044.00. For this consideration, RICHARDSON'S RV CENTERS, INC., was to deliver to Plaintiffs a 2012 Dynamax Isata. The motor home is the type of product which is ordinarily purchased primarily for personal, family, or household purposes.

29. In connection with the purchase, the "new" motor home was accompanied by Defendants' express written warranties in which Defendants undertook to preserve or maintain the utility or performance of the motor home or to provide compensation if there is a failure in utility or performance for a specified

9

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

period of time. The warranties provided, in relevant part, that in the event a defect developed with the motor home during the warranty period, Plaintiffs could deliver the motor home for repair services to Defendants' representative and the motor home would be repaired.

30. Plaintiffs discovered soon after purchase and during the warranty period, the motor home contained numerous defects.

31. Pursuant to Song-Beverly Consumer Warranty Act and Civil Code Sections 1792 and 1791.1, the sale of the motor home was accompanied by Defendants' implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendants and in no event less than 30 days or longer than one year.

32. The implied warranty of merchantability means and includes that the motor home will comply with each of the following requirements: (1) The motor home will pass without objection in the trade under the contract description; (2) The motor home is fit for the ordinary purposes for which such goods are used; (3) The motor home is adequately contained, packaged, and labeled; and (4) The motor home will conform to the promises or affirmations of fact made on the container or label.

33. During the time period in which the implied warranty was in effect, the motor home contained or developed numerous defects. The existence of each of these defects constitutes a breach of the implied warranty because the motor home (1) does not pass without objection in the trade under the contract

10

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

34. Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the motor home, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiffs do so again. Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the motor home resulting from its defects. Plaintiffs believe that, at the present time, the motor home's value is *de minimis*.

35. Plaintiffs have been damaged by Defendants' failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Song-Beverly Consumer Warranty Act and Civil Code Section 1794(a).

36. Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of Civil Code sections 1793.22(c)(d) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

///

///

///

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

**PRAYER**

**PLAINTIFFS PRAY for judgment against DEFENDANTS jointly and severally on all causes of action as follows:**

 1. For Plaintiffs' damages in the amount of at least $169,044.00

 2. For restitution to Plaintiffs in the amount of $169,044.00.

 3. For a civil penalty in the amount of $338,088.00., which is two times Plaintiffs' total damages.

 4. For any consequential and incidental damages.

 5. For costs of the suit and Plaintiffs' reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. section 2310(d) and Civil Code section 1794(d).

 6. For prejudgment interest at the legal rate.

 7. And for such other relief as the Court may deem proper.

DATED: March 6, 2015



By _____
LAWRENCE J. HUTCHENS
Attorney for Plaintiffs

12

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT; VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on the cause of action asserted herein.

DATED: March 6, 2015



By_____
LAWRENCE J. HUTCHENS
Attorney for plaintiffs

13

COMPLAINT FOR VIOLATION OF THE MAGNUSON-MOSS CONSUMER WARRANTY ACT;
VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT